# BRENNAN v. COCHRAN.

EQUITY; SPECIFIC PERFORMANCE; PRINCIPAL AND AGENT; FRAUD.

Where in a suit for specific performance of a written contract for the exchange of parcels of real estate improved by dwelling houses, the defenses were in effect that the defendants, a husband and wife, were induced to enter into the contract by the husband of the owner of the house which they were to take in the exchange; that he had acted as their agent in the transaction; that it was not of the value he represented it to be; and that it was occupied by colored people; but it appeared from the evidence that the defendants, before signing the contract, carefully examined the property and knew of its occupancy by colored people, that it belonged to the wife of their agent, and that the means of knowledge in regard to the property were open to the defendants, and that they relied and

acted upon their own judgment,—it was *held* that the plaintiff was entitled to a specific performance of the contract.

No. 2845.    Submitted December 8, 1915.    Decided January 3, 1916.

HEARING on appeal by the defendants from a decree of the Supreme Court of the District of Columbia, directing the specific performance of a contract for the exchange of two parcels of real estate.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree of the supreme court of the District of Columbia for specific performance of a contract to convey certain real estate in the District of Columbia on a bill filed by Sue C. Cochran as plaintiff against John Brennan and Maria Brennan, defendants.

The bill alleges the execution of a written contract executed March 4, 1914, whereby, in consideration of $1 to be applied as part payment on house No. 1756 Lanier Place, Washington, District of Columbia, the terms of purchase of which was $7,-000, subject to a $3,500 lien, Sue C. Cochran is to convey equity in 1029 Lamont street, purchaser to assume a deed of trust for $3,500; property is sold free of encumbrance, except as stated; title to be good record title or deposit refunded; interest on trust, rents, insurance, and taxes or assessments to be adjusted to date of transfer on both properties; examination of title and conveyancing at the cost of purchasers; this contract is made subject to approval of owners; Sue C. Cochran further agrees to pay John Brennan $700 and a $300 note, payable $10 per month; parties agreeing to give possession on or before April 1st, weather permitting. This contract is signed "Warren Cochran," Agents, "Maria Brennan," "John Brennan," and accepted by Sue C. Cochran, purchaser.

Defendants answered saying that it was represented to them that premises 1029 Lamont street was subject to a deed of trust to secure the payment of $4,000 as stated in the bill of complaint; admitted that they were the owners of 1756 Lanier

Place, and that said property is subject to a deed of trust to secure the payment of $3,500, and a second deed of trust to secure the payment of $300 and interest; they say that Warren Cochran, who is the husband of plaintiff, about four months prior to the 4th of March, 1914, called upon defendants at their residence, 1756 Lanier Place, and represented to them that he could dispose of their property known as 1756 Lanier Place in the city of Washington, and that he would undertake to negotiate for them, on their account, an exchange of said premises for premises known as 1029 Lamont street, but did not disclose at that time who was the true owner of 1029 Lamont street; that the said Warren Cochran was a duly licensed real estate broker in the city of Washington, and that from the time of his first visit prior to the 4th day of March, 1914, he importuned defendants almost daily to permit him to effect the exchange he had recommended. Finally defendants authorized the said Cochran to make the necessary arrangements with the owner for the conveyance of their property, 1756 Lanier Place, for the property known as 1029 Lamont street, the terms of said transfer to be upon the following basis: That premises known as 1029 Lamont street was worth the sum of $6,000, and premises known as 1756 Lanier Place was, and is, worth the sum of $7,000; that said properties were to be transferred subject to deeds of trust in the sum of $3,500 each, and in addition defendants were to receive the sum of $1,000 cash; and relying upon the good faith of the said Cochran these defendants agreed to the exchange upon the terms stated, and authorized the said Warren Cochran, as their agent, to prepare a written contract embodying this agreement. On to wit the 4th day of March, 1914, or about that time, the said Warren Cochran called upon them at their residence, 1756 Lanier Place, and presented to them the contract, copy of which is hereby referred to, and is the same as before set out, and requested them to sign the same. When said contract was presented to these defendants they discovered that the plaintiff was the owner of said premises 1029 Lamont street, and made objection to that part thereof which reads as follows: "Sue C. Cochran

further agrees to pay John Brennan $700 cash and a $300 note, payable $10 per month." Defendants insisted that the oral agreement was that they were to receive $1,000 in cash, whereupon the said Warren Cochran represented to these defendants that the note was as good as cash, and could be negotiated for its face value, meaning thereby defendants would have no difficulty in disposing of said note at its face value at any time. Defendants were both inexperienced and unadvised in such matters, and relied entirely upon the good faith and integrity of the said Cochran, whereupon the defendant John Brennan signed his name to said agreement. Yet the defendant Maria Brennan still protested and refused to sign, and it was not until three weeks thereafter that the said Maria Brennan finally agreed to sign said contract, and that she did so upon the express representation of said Warren Cochran that the said note for $300 could be disposed of for cash at any time, and further relying upon the representations of said Cochran as to the real value of premises 1029 Lamont street. The defendants were informed on the said 4th day of March that the said Sue C. Cochran was the wife of Warren Cochran.

That after signing the said contract they made inquiry relative to the value of premises 1029 Lamont street, and have been informed that the same is not worth more than $4,000 at the utmost, and that they further made inquiry relative to the disposition of the $300 note referred to in said contract, and were informed that the same could not be disposed of for cash; and thereafter when the said Cochran was charged with misrepresentation in this respect, he admitted that said note could not be disposed of for cash, but agreed to have the same discounted for defendants for $250, which defendants declined to consider. Therefore they say that they were misled and deceived by the said Warren Cochran into signing said contract, and that Cochran throughout the entire transaction was fraudulently concealing from them the name of the real purchaser and transferee, and was at the same time endeavoring to take undue advantage of them for the benefit of himself and his wife and client.

That the said Cochran while negotiating for the exchange of their property was secretly endeavoring to make a profit out of the proposed transfer to his wife, and had offered the same for sale to various persons, representing that he himself was the purchaser thereof. That the reason they refused to carry out said contract dated March 4, 1914, was, and is, because they had been deceived by the plaintiff and the said Cochran, their agent, and agent for the plaintiff, and that if they were compelled or required to comply with the terms of said contract they would be subjected to great loss by reason thereof.

They say that the agreement for the transfer of the properties was not upon a basis which was fair as to values, and the agreement to exchange said properties was procured by concealment, misrepresentation, and fraud on the part of the plaintiff acting through and by her husband, her representative, the said Warren Cochran.

That the contract of the 4th of March, 1914, was procured by misrepresentation and fraud by the said Warren Cochran, in collusion with his wife, the plaintiff, and it would be inequitable and unjust and a great hardship for these defendants if they were compelled to specifically perform the terms thereof.

Upon hearing, March 15, 1915, a decree for specific performance in accordance with the terms of the written contract was entered, and from that defendants appealed.

*Mr. Rossa F. Downing* and *Mr. Wm. H. Sholes* for the appellant.

*Mr. James P. Schick* and *Mr. Andrew Wilson* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

The testimony tends to show that Warren Cochran called upon the Brennans at their home, having seen a "For Sale" sign of Stone & Fairfax upon the premises, and undertook to sell

the same for the said Brennans. After some negotiations it was proposed to exchange properties. Cochran examined the house of the defendants at the time, and defendants called and examined his wife's premises. It appears that they made a careful examination of the premises and the surroundings, and then agreed to transfer. Brennan first executed the contract, and his wife some three weeks afterwards. There is a conflict in the testimony in regard to these transactions, but the facts seem to be as stated above. It does not appear specifically that the Lamont street property was represented to be worth $6,-000, but, whether so or not, defendants carefully examined the property, and were informed in regard to the surroundings, and agreed to exchange.

It is claimed by defendants that the Lamont street property has very much depreciated in value by reason of the fact that it is in the neighborhood occupied by colored people, there being several houses opposite No. 1029 which are owned by colored people. Defendants admit their knowledge of the occupation by colored people, but state that upon inquiry of Mrs. Cochran she said that the property had been condemned. It appears also that Brennan received independent information of the fact that the property opposite was owned by colored people, some of whose houses were at grade and in good condition; other houses occupied by colored people were below grade, and were in a state of bad repair.

The court upon hearing the testimony was of opinion that no advantage was taken by Cochran of the defendants, and that they were fully informed in respect to the occupation of the premises opposite by colored people, and made the contract notwithstanding. He therefore decreed specific performance.

It is quite true that Cochran is to be regarded as the agent of defendants at the time the negotiations were begun, but it does not appear that they were not fully informed as to the situation of the properties and exercised their judgments in regard to values, etc. The means of knowledge in regard to the properties were open to the defendants, and they relied and acted upon their own judgment.

We are unable to perceive any error in the proceedings, and the decree is affirmed with costs.                    *Affirmed.*